# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NIKON KONEMANY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2309 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Nikon Konemany filed a section 2254 habeas petition challenging his conviction and thirty-year sentence for murder. Respondent filed a motion for summary judgment based on procedural default. (Docket Entry No. 11.) Respondent's certificate of service reflects that a copy of the motion was served on petitioner at his address of record on November 7, 2013. To-date, and despite expiration of a reasonable time in excess of fifty days, petitioner has failed to file a response to the motion, and the motion for summary judgment is unopposed.

Based on consideration of the pleadings, the motion for summary judgment, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### Procedural Background and Claims

Petitioner was convicted of murder in Harris County, Texas, and sentenced to thirty years' imprisonment. The conviction was affirmed on direct appeal. *Konemany v. State*, No.

14-10-01195-CR (Tex. App. – Houston [14th Dist.] 2011, no pet.). Petitioner did not file a petition for discretionary review. The Texas Court of Criminal Appeals denied petitioner's first application for state habeas relief, and dismissed his second application for state habeas relief as an abuse of the writ.

Petitioner raises the following claims for federal habeas relief:

1.   The trial court erred in

    (a)   waiving a jury trial with respect to his eligibility for probation;

    (b)   failing to consider all lesser included offenses;

    (c)   failing to issue an accomplice witness instruction; and,

    (d)   coercing petitioner's wife to testify against him, in violation of his Fifth Amendment protections.

2.   The evidence is insufficient to support the conviction.

3.   Trial counsel was ineffective in

    (a)   failing to investigate and argue that his wife was not an accomplice; and

    (b)   coercing his wife to testify against him instead of invoking spousal privilege.

Respondent argues that these grounds have been procedurally defaulted and are now barred from consideration by the Court.

2

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

3

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Procedural Default*

*Insufficiency of the Evidence*

Before federal habeas relief may be granted, a state inmate must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Here, petitioner unsuccessfully challenged the sufficiency of the evidence on direct appeal, but failed to pursue his claim through a petition for discretionary review to the Texas Court of Criminal Appeals.  Accordingly, he did not fairly present his insufficiency of the evidence claim to the Texas Court of Criminal Appeals in a procedurally correct manner, and the claim has been procedurally defaulted.[1]  *See West v. Johnson*, 92 F.3d 1385, 1389 n. 18

---

[1] Petitioner's factual insufficiency challenge does not raise a cognizable federal habeas claim. *See Woods v. Cockrell*, 307 F.3d 353, 357–58 (5th Cir. 2002).

(5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

Where a state prisoner has defaulted his federal habeas claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). By "fundamental miscarriage of justice" is meant that he was actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner fails to argue, much less demonstrate, cause for his procedural default, nor does he establish actual prejudice or a fundamental miscarriage of justice. Petitioner's claim for insufficiency of the evidence has been procedurally defaulted and is barred from consideration by this Court. Respondent is entitled to summary judgment dismissal of this habeas claim.

### Trial Court Error and Ineffective Assistance of Counsel

In his first application for state habeas relief, petitioner stated his claims as "imminent danger," "character evidence," "apparent danger self defense," "ineffective assistance of counsel," "accomplice testimony robbery," "homicide conspiracy," and "conspiracy." *Ex parte Konemany*, WR-77,693-01, p. 16. The trial court on collateral review construed these

claims as challenges to the sufficiency of the evidence and to trial counsel's effectiveness, and denied habeas relief.  Specifically, the trial court found that the insufficiency of the evidence claims had been rejected on direct appeal and would not be reconsidered on collateral review and, regardless, that insufficiency challenges were not cognizable habeas grounds.  *Id*., pp. 32–33.  In denying petitioner's claim that trial counsel failed to investigate and present evidence, the trial court found that petitioner failed to identify the evidence counsel allegedly failed to investigate or show how the evidence would have benefitted the defense.  *Id*.  Accordingly, the first application did not raise the instant claims based in trial court error.  Moreover, the claims for ineffective assistance of counsel raised in the instant petition were not presented in the first application for state habeas relief.[2]

Petitioner subsequently raised the current claims for trial court error and ineffective assistance of counsel in his second application for state habeas relief, but the second application was dismissed as an abuse of the writ.  *Ex parte Konemany*, WR-77,693-02, at cover.  The Texas abuse of the writ doctrine is an independent and adequate state procedural rule for purposes of procedural default.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); *see also Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (holding that application of the

---

[2]Where distinct ineffective assistance of counsel claims are presented, each should be analyzed independently in determining exhaustion.  *Jones v. Jones*, 163 F.3d 285, 296–98 (5th Cir. 1998); *Thomas v. Collins*, 919 F.2d 333 (5th Cir. 1990) (finding as unexhausted on federal habeas review new factual allegations of ineffective assistance of counsel not reviewed by any state court).

7

article 11.07 § 4 bar by the Texas Court of Criminal Appeals to a state habeas application barred consideration of those claims in federal court).

When a state court explicitly relies on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice, or that imposition of the procedural bar would constitute a miscarriage of justice because he is actually innocent of the crime. *Coleman*, 501 U.S. at 750; *Finley*, 243 F.3d at 220. Petitioner again fails to argue, much less demonstrate, cause for his procedural default, and establishes neither actual prejudice nor a fundamental miscarriage of justice. Petitioner's claims based on trial court error and ineffective assistance of counsel have been procedurally defaulted and are barred from consideration by this Court. Respondent is entitled to summary judgment dismissal of these claims.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 30, 2013.

Gray H. Miller
United States District Judge

8